# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

              Plaintiff,

v.

Clinton James Ward (1),
Shawnette Lynn Andreasen (2),
Jonathon Beau Bailey (3),
Vin Chanry (4),
Perry John Coyle (5),
James Joseph Graczyk (6),
Kevin Philip De Dios Havenar (7),
Benjamin Dewayne Johnson (8),
Armando Robert Montero (9),
Joseph Allen Pappenfus (10),
Breezie Lynn Pena (11),
Aaron Michael Teadt (12),
Jimmy Thithavong (13),
Peter Charles Watkins (14),
Nicole Marie Williams (15),

              Defendants.

Case. No. 22-cr-0336 (DWF/DJF)

**THIRD AMENDED[1] CASE MANAGEMENT ORDER**

The Indictment in this case was docketed on November 30, 2022 (ECF No. 1), naming Defendant Clinton James Ward (1) as the sole defendant. Mr. Ward made his initial appearance and was arraigned on April 5, 2024.

A Superseding Indictment was docketed in this case on July 25, 2024 naming 14 additional

---

[1] This Order establishes pretrial deadlines for Defendant Perry John Coyle (5) and continues the pretrial motions and trial-related deadlines established in the Second Amended Case

defendants (ECF No. 37). Defendants Shawnette Lynn Andreasen (2), Jonathon Beau Bailey (3), Vin Chanry (4), James Joseph Graczyk (6), Joseph Allen Pappenfus (10), Breezie Lynn Pena (11), Aaron Michael Teadt (12), Jimmy Thithavong (13), Peter Charles Watkins (14), and Nicole Marie Williams (15) have all made their initial appearances and were arraigned on the Superseding Indictment. The Court issued a Case Management Order on August 8, 2024 with respect to Defendants Ward (1), Andreasen (2), Bailey (3), Chanry (4), Graczyk (6), Pappenfus (10), Pena (11), Teadt (12), Thithavong (13), Watkins (14), and Williams (15) (ECF No. 128).

On August 20, 2024 and August 21, 2024, Defendants Benjamin Dewayne Johnson (8) and Kevin Philip De Rios Havenar (7), respectively, had their initial appearances and were arraigned on the Superseding Indictment. Following Mr. Johnson's arraignment, the government filed a Motion for Continuance on August 21, 2024 (ECF No. 168) requesting a one-week extension of time as to all pretrial deadlines and hearings established in the Case Management Order (ECF No. 128). On August 22, 2024, the Court GRANTED the Government's Motion for Continuance IN PART as to Defendants Ward (1), Andreasen (2), Bailey (3), Chanry (4), Graczyk (6), Havenar (7), Johnson (8), Pappenfus (10), Pena (11), Teadt (12), Thithavong (13), Watkins (14), and Williams (15), and issued an Amended Case Management Order (ECF No. 182) extending the pretrial schedule by two weeks in light of the appearances of Defendants Havenar (7) and Johnson (8).

On August 22, 2024, Defendant Armando Robert Montero (9) had his initial appearance and was arraigned on the Superseding Indictment. On August 23, 2024, the Court issued a Second Amended Case Management Order (ECF No. 189) adding Defendant Montero (9) to the schedule previously established in the Court's Amended Case Management Order.

---

Management Order (ECF No. 189) with respect to the other defendants.

On August 28, 2024, Defendant Ward was arraigned on the Superseding Indictment. (ECF No. 196.) The Court also conducted a Case Management Conference as to all defendants other than Defendant Perry John Coyle (5), who was the only defendant at the time who had not yet had his initial appearance. (ECF No. 197.) **During the Case Management Conference, defense counsel made an oral motion to designate this matter as complex. The government did not object, and the Court GRANTED the motion.** Defense counsel further moved for a continuance of the pretrial deadlines and requested a trial deadline in mid-February with commensurate continuances of the applicable motion deadlines. The government stated that it did not object to the requested continuance.

Later on August 28, 2024, Defendant Perry John Coyle (5) had his initial appearance and was arraigned on the Superseding Indictment before United States Magistrate Judge Tony N. Leung. Mr. Coyle was present in court with Retained Counsel, William Mauzy. Assistant U.S. Attorney Brad Endicott represented the United States.

Based on defense counsel's oral motion for a continuance and the absence of any objection from the government to the same, the Court's designation of this case as complex, and for the other reasons stated on the record during the Case Management Conference (*see* ECF No. 197), the Court hereby **GRANTS** the motion for a continuance. Moreover, the Court finds the coordination of dates and deadlines for these co-defendants, including alignment of the disclosure and pretrial motions filing deadlines, motions hearing date, and trial-related deadlines, will serve the interests of justice and promote the more efficient use of both the Court and the government's time in responding to, and addressing, pretrial issues in this matter. The Court further finds the ends of justice served by continuing the pretrial deadlines outweigh the best interests of the public and the defendants in a

speedy trial and that such continuance is necessary to provide all parties the reasonable time necessary for effective preparation and to make efficient use of the parties' and the Court's resources.

For the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the following shall apply to all Defendants:

**I.    SPEEDY TRIAL ACT**

If any party believes a continuance of the pretrial deadlines set forth in this Order is appropriate and that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial, that party shall file a motion for continuance identifying the reasons and the period of time the party seeks to be excluded from the Speedy Trial Act computations in this case. ==Any motion for a continuance must also be accompanied by a meet and confer statement confirming that the movant has conferred with counsel for all other parties to this action, stating with specificity each party who joins in the motion and identifying with specificity any party who objects.==

**II.    DUE PROCESS PROTECTIONS**

**Pursuant to the Due Process Protections Act**, the Court advises the United States of its obligation to disclose to each defendant all exculpatory evidence as defined by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and **ORDERS** the United States to disclose all such evidence. Failure to do so in a timely manner may result in the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, sanctions, or other consequences.

**III.    NON-DISPOSITIVE MOTIONS AND DISCOVERY**

Pursuant to Local Rule 12.1, the Court enters the following Order regarding non-dispositive motions and discovery. This Order is designed to eliminate the need for the filing of "routine" non-

dispositive discovery motions. However, either party may file additional non-dispositive motions if counsel deems the motion to be appropriate and non-duplicative of this Order:

1. **Motion Due Dates.** Any non-dispositive motions must be filed and served on or before **January 7, 2025.** All responses to motions must be filed by **January 21, 2025.**

2. **Proposed Orders.** Please do not send paper courtesy copies of pretrial discovery motions or related documents to Judge Foster's Chambers. Copies of proposed orders should be emailed to Judge Foster's chambers in Word format.

3. **Rule 16 Disclosures and Discovery.** A motion is not required for discovery under Federal Rule of Criminal Procedure 16. Rule 16(a) requires the government to provide discovery upon a defendant's request, not upon a motion or upon a court's order. Rule 16(b) likewise requires the defendant to provide reciprocal discovery if the defendant makes discovery requests and the government complies with those requests. The Court expects the parties to provide discovery promptly and without a court order, in compliance with Local Rule 12.1(a).

The government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **September 11, 2024.** D. Minn. L.R. 12.1(a)(1). The defense must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **September 18, 2024**. D. Minn. L.R. 12.1(a)(2).

4. **Disclosure of Brady/Giglio Materials.** The government must comply with its constitutional obligation to disclose any information known to it that is material to the guilt or punishment of each defendant, whether the defendant requests this information or not. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

5. **Preservation of Rough Notes.** The government is ordered to instruct agents and law enforcement officers who participated in the investigation to preserve their rough notes relevant to the investigation. If at a later date the discoverability of those notes becomes an issue, the Court will rule on the issue at that time.

6. **Early Disclosure of Jencks Act Material.** The Court has no authority to order disclosure of Jencks Act material until a witness has testified. 18 U.S.C. § 3500. However, to avoid unnecessary delay of a hearing or trial, the Court urges early disclosure of witness statements and requests disclosure at least **3 days** before the hearing or trial.

7. **Notice and Disclosure of Rule 404(b) Evidence.** A motion is not required for a defendant to obtain Rule 404(b) notice and information. Rule 404(b) provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). If the defense requests Rule 404(b) information from the government, the government must comply with Rule 404(b) without a court order, and no later than **21 days** before trial.

8. **Notice of Rule 12 Defenses.** A motion is not required for the government to obtain advance notice of the affirmative defenses of Alibi (Rule 12.1), Insanity/Mental Illness (Rule 12.2) and Public Authority (Rule 12.3). Upon request by the government, the defense shall provide such notices within **14 days** of the request.

9. **Expert Disclosures.** The parties must disclose the identity of any expert witness whom they intend to call and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than **28 days** before trial. The parties must disclose the identity of any expert

who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than **14 days** before trial.

    **10.**    **Disclosure of Informant Identities**.  Consistent with *Rovario v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 689 F.2d 352 (8th Cir. 1989), and their progeny, the government shall disclose the identity of any informant who was a material witness to the charged conduct and make such informant available within **10 days before trial**.

    **11.**    **Newly Discovered Information.**  Each party has a continuing duty to disclose to opposing counsel all newly discovered information or other material within the scope of this Order.

    **12.**    **Motions Related to Trial Proceedings.**  Any trial-related motions (e.g., motions in limine or motions to participate in voir dire) must be made at the appropriate time to the district court judge, **the Honorable Donovan W. Frank.**

    **13.**    **Meet and Confer Requirement**.  Prior to filing a discovery motion, defense counsel and counsel for the government must meet for a discovery conference pursuant to L.R. 12.1.  Any subsequent motion related to the same must include a statement certifying that such meet-and-confer conference took place and that the parties were unable to reach an agreement.  Motions that do not comply with the meet-and-confer requirement will be denied without prejudice for noncompliance.

**IV.**    **SUPPRESSION AND DISPOSITIVE MOTIONS**

    The following provisions govern the filing of all pretrial suppression and dispositive motions in this matter.

    **1.**    **Deadlines for Filing Suppression and Dispositive Motions.**  Any suppression or dispositive motions must be filed and served consistent with Federal Rules of Criminal Procedure

12(b) and 47 on or before **January 7, 2025**. D. Minn. LR 12.1(c)(1). All responses to motions must be filed by **January 21, 2025**. D. Minn. LR 12.1(c)(2).

    **2.**    **Motions for Extension of Time**. If a defendant determines that a motion for extension of time to file suppression and dispositive motions is necessary, the defendant shall file such motion on or before **January 7, 2025**. The motion shall be accompanied by a Statement of Facts supporting a request that, under 18 U.S.C. § 3161(h)(7)(A), the time from the original motions filing deadline through the proposed continued deadline shall be excluded from the calculation of the time within which this case must be brought to trial. ==The motion shall include a meet and confer statement confirming that counsel has conferred with all other parties, including all defense counsel and government counsel, and stating each party's position with respect to the motion.== The motion shall further address whether denial of the requested extension would deprive defense counsel of the time necessary to properly evaluate and prepare pretrial motions, taking into account the exercise of due diligence such that the ends of justice served by the extension request outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) (Even if a criminal case has not been designated as complex, an extension should be granted when refusing to grant the extension would leave counsel for the defense with "insufficient time for effective representation, taking into account the exercise of due diligence.").

    **3.**    **Proposed Orders.** Please do not send paper courtesy copies of suppression or dispositive motions or related documents to Judge Foster's Chambers. Copies of proposed Orders should be emailed to Chambers in Word format.

### 4. Supporting Briefing for Suppression Motions

#### a. Suppression of Statements

If a defendant files a Motion to Suppress Statements, the accompanying brief must detail the specific facts and circumstances supporting suppression, identify the legal authorities or theories that support suppression, and identify the statements sought be suppressed. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based…."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822–23 (D. Minn. 1999), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000) (denying "boilerplate" motion to suppress for failure to state "specific legal and factual grounds," among other things). Conclusory motions made upon "evidence to be adduced at the Motions Hearing" are not sufficient to provide the Court and opposing counsel notice of the issues.

#### b. Suppression of Evidence Obtained Pursuant to a Warrant

Reviewing courts must afford "great deference" to the probable cause determination of the judge who issued a search warrant and should resolve even "doubtful or marginal cases" in favor of a warrant's validity. *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (citation omitted); *see United States v. Ventresca*, 380 U.S. 102, 109 (1965). So long as the issuing judge had a "substantial basis" for concluding the "search would uncover evidence of wrongdoing," the Court must uphold the probable cause determination. *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

Any motion to suppress evidence obtained pursuant to a warrant must identify with specificity the reason(s) the warrant should not have issued and identify the legal authorities or theories that support suppression. Motions seeking only a "four-corners" review do not meet this specificity requirement.

### c.  Suppression of Evidence Obtained from a Warrantless Search

Any motion to suppress evidence obtained as a result of a warrantless search must specifically identify the item(s) of evidence for which suppression is sought, describe particular facts that support the claim that such evidence was unlawfully obtained, and identify the legal authorities or theories that support suppression.

### 5.  Meet and Confer Requirement

Before filing a suppression or dispositive motion, the parties must meet and confer in a good faith and effort to narrow the issues presented by the motion pursuant to LR 12.1.  The parties must attempt to agree on whether an evidentiary hearing is necessary, and if so, the witnesses and evidence to be presented and estimated time needed for each.  The meet-and-confer process must be conducted either in person or by telephone and will not be satisfied by email communications alone.  The moving party must file a statement with the motion describing the outcome of the meet-and-confer process, the parties' positions on the motion, and whether an evidentiary hearing is necessary.  The parties are encouraged to meet and confer again after the non-moving party responds, to explore whether they can reach any further agreement on the motion or the need for an evidentiary hearing.

### 6.  Sanctions for Non-Compliance

The Court will review all motions to suppress evidence for completeness and specificity when they are filed.  Motions that do not comply with this Order, including by not meeting the specificity or meet and confer requirements set forth herein, may be stricken with instructions to refile or recommended for dismissal.  The Court may recommend that a motion be denied with prejudice after repeated violations of this requirement.

Nothing in this Order shall preclude any party from asserting additional legal theories based on new facts that may emerge during the evidentiary hearing.

## V.  MOTIONS HEARINGS

1.  **Notice of Intent to Call Witnesses.**  Any Notice of Intent to Call Witnesses at the pretrial motions hearing must be filed by **January 21, 2025.**  D. Minn. L.R. 12.1(c)(3)(A).  The notice must include information sufficient to identify all witnesses and the estimated amount of time needed for each witness's expected testimony.  This estimate must include the time needed for cross-examination and redirect based on the meet and confer with opposing counsel.  As previously noted, to avoid the need for a recess of the motions hearing, the Court requests the government to make all disclosures required by Fed. R. Crim. P. 26.2 and 12(h) at least **three days** prior to the hearing.

2.  **Responsive Notice.**  Any Responsive Notice of Intent to Call Witnesses must be filed by **January 24, 2025**.  D. Minn. L.R. 12.1(c)(3)(B).

3.  **Hearing Date and Time.**  The Court will determine whether an evidentiary hearing is required after briefing is complete.  In the event a motions hearing is required, it will be held on ==January 29, 2025 at 9:00 a.m. in Courtroom 8E==, United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.  Nothing in this Order shall preclude the Court from setting oral argument on any motion to assist the Court in administering justice or if requested by either party in its motion, objection, or response.

4.  **Notice of No Hearing.**  If there is no need for a motions hearing, either because no pretrial motions were filed, or for any other reason, **counsel must electronically file a letter saying so on or before January 7, 2025**, or immediately upon the occurrence of the event making a motions hearing unnecessary, if later.

5.     **Witness and Exhibit Lists**.  The parties shall provide the Court with a list of prospective witnesses who will testify at the motions hearing.  In addition, counsel must meet and confer in good faith regarding the exhibits they intend use at the motions hearing and to what extent they can agree on a common set of exhibits and/or stipulate to the admissibility of exhibits.  The parties shall pre-mark and send electronic copies of the witness list, exhibits and exhibit list by email to Judge Foster's chambers at Foster_Chambers@mnd.uscourts.gov (with all parties copied) **no later than 9:00 a.m. on the business day before the date of the motions hearing**.  If the exhibits are too large to submit via email, such as video or audio recordings, the parties may submit them to the Court on a USB drive or similar portable storage media by that deadline.  The parties shall bring at least one copy of any video or audio recordings for use during the hearing as needed and at least three paper copies of document exhibits (exhibits that are not video or audio recordings or things) for distribution to opposing counsel, the witness and Judge Foster.

## VI.   TRIAL

1.     **IF NO PRETRIAL MOTIONS ARE FILED BY THE DEFENDANT,** the trial and trial-related dates are:

   i. All voir dire questions and jury instructions shall be submitted to District Judge Donovan W. Frank on or before **February 7, 2025**.

   ii. This case shall commence trial on **February 18, 2025**, at **9:00 a.m.** before District Judge Donovan W. Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

Dated: August 28, 2024                                  *s/ Dulce J. Foster*
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge